**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3777-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHEIK TRICE, a/k/a
JAMAL TRICE, SHEIK N. TRICE,
and JAMAL RICEL,

    Defendant-Appellant.

_____

        Submitted April 18, 2018 — Decided June 26, 2018

        Before Judges Alvarez and Currier.

        On appeal from Superior Court of New Jersey,
        Law Division, Hudson County, Indictment Nos.
        02-06-1371 and 10-03-0393.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Kevin G. Byrnes, Designated
        Counsel, on the brief).

        Esther Suarez, Hudson County Prosecutor,
        attorney for respondent (Luisa M. Florez,
        Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Sheik Trice appeals from a March 20, 2017 order

denying his petition for post-conviction relief (PCR) without an

evidentiary hearing.  We affirm because defendant's petition was time-barred under Rule 3:22-12(a)(1) as to one indictment, and otherwise lacks merit.

On July 18, 2003, defendant was sentenced in accordance with a plea agreement on a charge of third-degree possession of a controlled dangerous substance with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7, to a five-year term of imprisonment subject to parole ineligibility of two years, to be served concurrently to a federal sentence as well as a violation of probation sentence.  On May 25, 2012, again pursuant to a plea agreement, defendant was sentenced on a third-degree conspiracy to distribute cocaine, N.J.S.A. 2C:5-2 and 2C:35-5(b)(3), to a period of probation for two years.

When defendant entered his guilty plea on May 9, 2003, he and his attorney developed the factual basis as follows:

> Q    [Mr.] Trice, on February 11th of 2002 in the City of Jersey City, did you possess a controlled dangerous substance, namely marijuana?
>
> A    Yes.
>
> Q    Did you know the substance was in fact marijuana?
>
> A    Yes.
>
> Q    And what were you going to do with that marijuana?

A    Smoke it.

Q    Were you going to share it with others when you were smoking it?

A    Yes.

Q    And were you within 1,000 feet of a school zone at that time?

A    Yes.

Pertinent to the 2012 offense, police seized drugs from a property owned by defendant in Jersey City. Defendant and his attorney engaged in the following exchange in establishing a factual basis:

[Defense counsel]: And on December 1st, 2009 [the building] was being renovated.

THE DEFENDANT: Yes.

[Defense counsel]: And an individual that was renovating was also keeping heroin there that was going to end up being distributed.

THE DEFENDANT: Yes.

[Defense counsel]: And you knew about that?

THE DEFENDANT: Yes.

[Defense counsel]: And you permitted that to go on?

THE DEFENDANT: Yes.

[Defense counsel]: Thank you.

[Prosecutor]: The State's satisfied, Your Honor.

Defendant did not pursue direct appeals of either conviction. Instead, on May 16, 2016, defendant filed a PCR petition alleging ineffective assistance of counsel. Defendant certified that, as to the 2012 charge, he lived in the downstairs apartment of the building, while the upstairs apartment was being renovated. A Robert Murphy claimed ownership of the drugs — Murphy was "an associate who [defendant] allowed to store some personal items in the upstairs flat while it was being refurbished for [defendant's] occupancy[.]"

Defendant also certified that his attorney explained to him that because he allowed Murphy to store his property in the apartment, defendant too was "culpable under the theory of joint or constructive possession." The attorney did not inform him that he was guilty of the offense only if he had actual knowledge of the presence of the drugs.

At the May 25, 2012 sentencing hearing, defendant's attorney stated that although defendant had denied to the probation officer who prepared the presentence report being aware that drugs were being stored in the apartment, he "was basically trying to iterate - - reiterate at the time that he did not have heroin there. If Your Honor recalls the factual basis was that he allowed the gentleman to store the heroin in the building while it was being

renovated. He stands by what he said at the time of the plea." After his lawyer's statement, defendant agreed. When asked by the court if he had anything further to add, defendant responded "No. Nothing."

Defendant claimed in his certification that he allowed the sentencing to proceed because he would only be placed on probation and would be released that day, whereas the case could linger for months if he went to trial. He reiterated that had he understood the elements of the offense included actual knowledge that the drugs were in the apartment, he would have insisted on going to trial.

With regard to the 2003 conviction, defendant contended that he did not establish a legally adequate factual basis for his guilty plea to possession with intent to distribute. He argued that relevant case law provides no one individual can be found guilty of distribution when ownership is joint and drugs are shared. Hence, his attorney was ineffective for failing to explain that the facts did not support the crime.

The Law Division judge found that defendant's unsupported assertions did not establish that counsel had failed to provide effective and competent assistance, as required by the first prong of <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984); <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987) (adopting the <u>Strickland</u> standard

in New Jersey).  He also found that defendant failed to demonstrate a reasonable probability that but for counsels' errors, he would not have entered guilty pleas and would have insisted on going to trial.  See State v. DiFrisco, 139 N.J. 434, 457 (1994) (citations omitted).  Accordingly, he did not satisfy the second prong either.  Ibid.  Since defendant failed to establish a prima facie case in support of post-conviction relief, no hearing was necessary.  Furthermore, pursuant to Rule 3:22-12, defendant was barred from disputing the viability of the 2003 plea as the petition was filed more than five years beyond the entry of judgment.  Defendant did not establish excusable neglect that allowed the rule to be relaxed and the arguments lacked merit.

On appeal, defendant raises the following points:

> POINT I
> THE FIVE-YEAR PROCEDURAL BAR FOR THE FILING OF A PETITION FOR POST-CONVICTION RELIEF (PCR) SHOULD NOT APPLY
>
> A.  Enforcing the Procedural Bar Constitutes a Manifest Injustice
>
> B.  The Procedural Bar Should Not Apply Due to Excusable Neglect
>
> POINT II
> THE GUILTY PLEAS MUST BE SET ASIDE BECAUSE THEY LACK A FACTUAL BASIS
>
> POINT III
> THE DEFENDANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES

CONSTITUTION AND ART. I, PAR. 10 OF THE NEW
JERSEY CONSTITUTION

POINT IV
THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY
HEARING

We reject defendant's arguments as to the 2003 plea because his petition is time-barred. The petition lacks substantive merit in any event as to both the 2003 and 2012 convictions.

## I.

The rule precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there was a reasonable probability that if defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." R. 3:22-12. Our Supreme Court has stated that "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (alterations in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).

On appeal, defendant contends it would be manifestly unjust to apply the rule to his case because the factual basis for his 2003 guilty plea was legally flawed. He argues that the bar should

not be applied because he was never advised of the time limits for PCR and only recently learned of the procedure.

We have often stated that ignorance of the time bar, by itself, simply does not establish excusable neglect. See, e.g., State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013) ("If excusable neglect for late filing of a petition is equated with incorrect or incomplete advice, long-convicted defendants might routinely claim they did not learn about the deficiencies in counsel's advice on a variety of topics until after the five-year limitation period had run."). Thus, defendant has failed to demonstrate the excusable neglect necessary to avoid the effect of the rule.

## II.

The Strickland standard requires a defendant to establish that counsel's representation fell both outside the range of professional competence and that in a plea situation, but for counsel's errors, he would have taken the matter to trial. See DiFrisco, 139 N.J. at 457.

Defendant's argument that he only acknowledged sharing marijuana, as opposed to distributing it, is mistaken. He said the marijuana was his, not that it was jointly owned, and that he intended to share it. That falls within the definition of distribution found in N.J.S.A. 2C:35-2. Defendant did not state

in his factual basis that he was in joint possession with those with whom he intended to share his drugs.

On the 2012 charge, defendant gave a scant factual basis. However, he clearly stated he knew that the person whose drugs were seized by the authorities was keeping them there, and that they were intended for distribution. He knew it and "permitted" it to happen. The judge gave him the opportunity to refute his sworn factual basis at sentencing when his attorney raised the issue and he did not do so. Thus, we are satisfied that on the merits defendant cannot meet the <u>Strickland</u> standard. He has failed to demonstrate a reasonable probability that, but for his attorney's alleged incomplete explanation of the law he would have taken the matter to trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3777-16T4